[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The present action is brought by the administrator of the estate of Salvatore Ardito seeking damages for his death. The plaintiff alleges that on August 1, 1988 Mr. Ardito was electrocuted while working on a construction site. Mr. Ardito died eleven days later on August 12, 1988. At the time of the electrocution, Mr. Ardito was employed by the Chilson Excavating Company (hereinafter "Chilson") which was under contract with the Town of Watertown (hereinafter "Town") to make improvements along Bunker Hill Road in Watertown. A workers' compensation claim was filed on behalf of Mr. Ardito's infant daughter and settled against Chilson.
The plaintiff brought this action against the Town, the Town's supervising engineers, the utility company, the manufacturer and distributer of the machinery involved, and Ronald Haestad, Inc. (hereinafter "Haestad"), a consulting engineer under contract with the Town. With respect to Haestad, CT Page 1662 the plaintiff alleges that Mr. Ardito's death was caused by Haestad's negligence and carelessness, in that Haestad's employees, agents and/or servants,
 a. failed to supervise or adequately supervise the construction project;
 b. knew the construction work was being performed near the utility line and failed to contact the utility company;
 c. failed to place warning signs near the area in which construction was being performed to warn workers of the utility line;
 d. permitted the construction project to proceed when they knew or should have known the risks of electrocution to workers in proximity to the electrical lines;
 e. failed to take reasonable steps to reduce or minimize the risk of electrocution to workers in proximity to the electrical utility lines.
Haestad filed a motion for summary judgment with a memorandum in support thereof on March 19, 1991. On April 5, 1991, the plaintiff filed an objection to Haestad's motion with a supporting memorandum. The court denied Haestad's motion for summary judgment on October 3, 1991. On October 1, 1993, Haestad filed a second motion for summary judgment and a memorandum of law in support thereof. The plaintiff filed an objection and memorandum in opposition to this motion on November 9, 1993.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law." Scinto v. Stamm, 224 Conn. 524, 530, 620 A.2d 99 (1993). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact, a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Id. Mere assertions of fact are insufficient to establish the existence CT Page 1663 of a material fact and, therefore, cannot refute evidence properly presented to the court. State v. Goggin, 208 Conn. 606,616, 546 A.2d 250 (1988).
"The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." State v. Goggin, supra. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Scinto v. Stamm, supra.
The defendant Haestad argues that General Statutes31-293(b) provides it (Haestad) with immunity from liability for the plaintiff's claims. Section 293(b) reads as follows:
 Notwithstanding the provisions of subsection (a) of this section, no construction design professional who is retained to perform professional services on a construction project . . . shall be liable for any injury on the construction project for which compensation is payable under the provisions of this chapter, unless responsibility for safety practices is specifically assumed by contract. The immunity provided by this subsection to any construction design professional shall not apply to the negligent preparation of design plans or specifications.
Haestad claims that the plaintiff has failed to allege that Haestad was either negligent in the design of the project or that Haestad was responsible for safety practices pursuant to the contract between Haestad and the Town. Instead, Haestad states that the plaintiff's claims against Haestad pertain only to the supervision of construction. Haestad further argues that the plaintiff has not disclosed an expert who will testify that Haestad's design was in fact negligent. Accordingly, Haestad claims that it is entitled to summary judgment pursuant to the immunity provided in 31-293(b).
The plaintiff first argues that Haestad's motion for summary judgment should be denied because it is based upon the same arguments raised in Haestad's prior unsuccessful motion for summary judgment. The plaintiff further states that upon review of the contract between Haestad and the Town, "there is nothing in the documents which can conclusively determine that [Haestad] did not assume liability for safety." The plaintiff claims that CT Page 1664 deposition testimony of a Haestad employee regarding Haestad's responsibility for safety measures on the job site "raises an issue of fact whether or not the defendant, Haestad, assumed responsibility for safety."
In addition, the plaintiff cites to Haestad's contractual duties "to provide consultation and advice during construction" to the Town and "to make weekly observations of the work in progress and provide the Town with appropriate reports." The plaintiff argues that Haestad went beyond the capacity of a "professional engineering firm", within the meaning of31-293(b), when Haestad assumed these responsibilities of representing and reporting to the town. In essence, the plaintiff asserts that Haestad assumed responsibility for safety on the construction site.
General Statutes 31-293(b) provides architects and engineers with immunity from liability for injuries sustained on a construction project provided the injury is compensable under the workers' compensation provisions. This immunity does not, however, extend to claims of negligent design or to situations in which the architect or engineer specifically assumes responsibility for safety by contract. The legislative history of 31-293(b) includes testimony presented to the Joint Committee on Public Employees and Labor by individuals associated with the engineering and architectural professions.
Pursuant to this testimony, the legislature was aware that essentially two contracts are involved in a typical construction project. First, the engineer or architect contracts with the property owner to design the project and report to the owner on construction progress. Second, the owner contracts with the general contractor for the actual construction and completion of the project.
Haestad contends that, pursuant to 31-293(b), it is a "construction design professional who [was] retained to perform professional services on a construction project." The plaintiff does not contest this fact. Both parties further admit that the injury, namely Salvatore Ardito's death, was compensated pursuant to the provisions of the workers' compensation chapter of the General Statutes. Thus, in order to determine whether the immunity afforded in 31-293(b) applies to the present case, the court must address the two statutory exceptions to the immunity. Accordingly, the court must determine whether Haestad CT Page 1665 specifically assumed responsibility for safety practices by contract or, alternatively, whether plaintiff's claims against Haestad constitute allegations of negligent design. If the court determines that plaintiff's claims encompass negligent design, the court must further determine if Haestad has met its burden of establishing that it is entitled to judgment as a matter of law.
However, after reviewing this file in detail, this court finds that this Motion for Summary Judgment is essentially the same motion in all important aspects as that filed by Ronald Haestad, Inc. on March 19, 1991. On October 3, 1991 the court (Meadow, J.) denied that Motion for Summary Judgment from the bench. That decision becomes the law of the case until such time as an appellate court reverses said decision. However notwithstanding the aforementioned statement, this court reviewed the claims of the defendant Ronald Haestad, Inc. and the plaintiff Bette Paul, Administrator of the Estate of Salvatore Ardito, Jr. and finds that there are genuine issues of material fact concerning safety practices and negligence as they relate to Haestad. Therefore, this court denies the defendant's Ronald Haestad, Inc. Motion for Summary Judgment.
WILLIAM J. SULLIVAN, J.